JEANNENE LOUISE NELSON,

                Plaintiff,

   v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-893-jdp
16-cv-636-jdp

     Plaintiff Jeannene Louise Nelson filed these two lawsuits seeking review of administrative decisions denying her request for disability benefits under the Social Security Act. The cases had a long history, but Nelson ultimately prevailed. Her attorney now weeks a representative fee award, which the Commissioner does not oppose.

     On February 12, 2016, the court reversed and remanded the Commissioner's initial decision denying her application for disability benefits. No. 14-cv-903, Dkt. 18.[1] The parties stipulated to and the court granted an award of plaintiff's attorney fees in the amount of $7,100 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. No. 14-cv-903, Dkt. 26. On remand, the Commissioner again denied plaintiff's disability benefits application, but the parties jointly moved to reverse this decision under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Dkt. 17. The parties stipulated to and the court granted another EAJA fee award to plaintiff's attorney in the amount of $5,200. Dkt. 25. On remand, after further administrative proceedings, the Commissioner awarded plaintiff $59,949 in past-

---

[1] Unless otherwise noted, docket citations in this order refer to the 2016 case, No. 16-cv-636.

due DIB benefits. Both sets of EAJA fees were seized by the United States Department of the Treasury for payment of non-tax federal debt. *See* Dkt. 28-5 and Dkt. 28-6.

Nelson's attorney, Dana Duncan, moves for a representative fee award in the amount of $14,987.25 under 42 U.S.C. § 406(b). Dkt. 28. Plaintiff signed a contingent fee contract and agreed to allow her attorney to keep the greater of 25% of any past-due benefits awarded or the EAJA fee. Dkt. 28-1. Duncan expended a considerable amount of time handling administrative proceedings, and he has filed a fee petition with the Administrative Law Judge seeking $9,500 in administrative fees. This leaves $5,497.25 in fees that Duncan now seeks from the court. The Commissioner does not oppose the award.

Section 406(b) allows the court to award a prevailing plaintiff's attorney a reasonable fee, but no greater than 25 percent of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Plaintiff's attorney must demonstrate that within the 25 percent cap, the requested fee is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness."). When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams*

*v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, plaintiff's attorney represents that his team spent 47.10 hours litigating before this court in the 2014 case (34.25 hours in attorney time, 12.85 hours in paralegal and administrative time), Dkt. 28-3, and 34.95 hours litigating before this court in the 2016 case (24.80 hours in attorney time, 10.15 hours in paralegal and administrative time), Dkt. 28-4. In both cases, Duncan filed and briefed motions for summary judgment and was successful in obtaining a remand. And Duncan ultimately obtained a favorable result for Ms. Nelson.

The court notes that the contingency fee here is equivalent to an attorney compensation rate of approximately $92.93 per hour ($5,487.25 for 59.05 hours of work). This hourly rate is well below many section 406(b) awards approved by courts in this circuit. *See, e.g.*, *Moore v. Comm'r of Soc. Sec.*, No. 1:14-cv-160-SLC, 2017 WL 3588066, at *3 (N.D. Ind. Aug. 21, 2017) (awarding $5,978.30 for 31.30 hours of attorney work); *Koester v. Astrue*, 482 F. Supp. 2d, 1078, 1081–83 (E.D. Wis. 2007) (awarding $16,890 for 38.30 hours of attorney work). Duncan fully litigated plaintiff's case, he obtained favorable results for his client, and the contingent fee agreement supports the requested award. The court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award").

ORDER

IT IS ORDERED that plaintiff's attorney's unopposed petition for attorney fee pursuant to § 206(b)(1), Dkt. 28, is GRANTED. The court approves the representative fee award of $5,497.25.

Entered October 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge